**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**GALVESTON DIVISION**

| | | |
|---|---|---|
| **SRK HOLDINGS, INC.** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CAUSE NO.:** _____ |
| | § | |
| **AMERICAN COMMERCIAL BARGE LINE** | § | |
| **LLC and TUG NOVA H. LOUIS,** *in rem* | § | |
| | § | |
| **Defendant** | § | |

---

**AMERICAN COMMERCIAL BARGE LINE LLC'S NOTICE OF REMOVAL**

---

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

## INTRODUCTION

1.  Pursuant to 28 U.S.C. § 1441(a), and in compliance with 28 U.S.C. § 1446, American Commercial Barge Line LLC ("ACBL") timely removes this civil state court action brought by SRK Holdings, Inc. ("Plaintiff") to the United States District Court for the Southern District of Texas, Galveston Division.  The civil action is pending in the 10th State District Court in Galveston County as Cause No. 20-CV-1192; *SRK Holdings, Inc. v. American Commercial Barge Lines and Tug Nova H. Louis, in rem* (the "State Court Action").

2.  Removal to the United States District Court for the Southern District of Texas, Galveston Division, is proper because:

    a.  Plaintiff's Original Petition asserts admiralty & maritime claims against ACBL within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1333;

    b.  Plaintiff's Original Petition asserts an *in rem* action against the Tug NOVA H. LOUIS, an action which is properly brought only in a United States federal

court (the tug was never served, and no security was posted for the tug, so
no joinder is required under 28 U.S.C. § 1446(b)(2)(A));

c. This Notice of Removal is filed within thirty (30) days after the date on which
ACBL was served and received actual notice of service of Plaintiff's Original
Petition, which asserts admiralty & claims against Defendants within the
meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 U.S.C. §
1333; and

d. The United States District Court for the Southern District of Texas, Galveston
Division, is the District Court of the United States for the District and Division
embracing the place where the Civil State Court Action was filed.

*See* 28 U.S.C. § 1441(a); 28 U.S.C. § 1446(a); 28 U.S.C. § 1446(b).

## STATEMENT OF GROUNDS FOR REMOVAL

### A.  The United States Federal Courts Have Original Jurisdiction Over Plaintiff's Claims and There is No Compelling Reason for Remand

1. Plaintiff states in its Original Petition that the Court "has jurisdiction under General
Maritime Law.  This is an admiralty and maritime claim within the meaning of Rule
9(h) of the Federal Rules of Civil Procedure." Exhibit "A," Original Petition at p. 1.
Additionally, Plaintiff alleges that Defendant's Tug, the NOVA H. LOUIS, "owed
Plaintiff a legal duty under the General Maritime law to observe the standards of good
and prudent seamanship and exercise reasonable care when navigating the
Intercoastal Canal  to avoid the risk of collision. . . . [and to] follow navigational rules
of the road."  *Id.* at p. 2.  Plaintiff alleges that "[d]efendant breached these duties by
failing to maintain a proper lookout, failed to navigate the Intercoastal Canal at a safe
speed, failed to use all available means to avoid the risk of collision . . . [t]hese acts
and omissions . . . caused a collision by the TUG NOVA H. LOUIS and her tow with

2

Plaintiff's bulkheads . . . ." *Id.*  Plaintiff also seeks to take advantage of *THE OREGON* Rule.  *Id.*  "The rule of *THE OREGON* creates a presumption of fault that shifts the burden of production and persuasion to a moving vessel who, under her own power, allides with a stationary object." *Combo Mar., Inc. v. U.S. United Bulk Terminal, LLC*, 615 F.3d 599, 604 (5th Cir. 2010) (citing *THE OREGON*, 158 U.S. 186, 15 S.Ct. 804, 39 L.Ed. 943 (1895)).   These claims are general maritime law claims within the meaning of Fed. R. Civ. P. 9(h) and 28 U.S.C. § 1333.

2. Under 28 U.S.C. § 1333, federal district courts have original jurisdiction over "[a]ny civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled." 28 U.S.C. § 1333(1).  Historically, general maritime law claims under the "savings-to-suitors" clause were not removable without an independent basis for federal jurisdiction.  *See, e.g.*, *Morris v. TE Marine Corp.*, 344 F.3d 439, 444 (5th Cir. 2003) (citing *Romero v. Int'l Terminal Operating Co.*, 358 U.S. 354, 377–79, 79 S.Ct. 468, 3 L.Ed.2d 368 (1959)).

3. However, in 2011, Congress amended the removal statute, 28 U.S.C. § 1441. Following this amendment, in *Ryan v. Hercules Offshore, Inc.*, the Southern District of Texas held that a general maritime law claim was now removable because Congress had amended 28 U.S.C. § 1441(b), and thus allowed the removal of maritime-law claims based on original federal jurisdiction.  945 F. Supp. 2d 772 (S.D. Tex. 2013). Several courts in the Fifth Circuit have followed *Ryan*.  *See Exxon Mobil Corp. v. Starr Indem. & Liab. Ins. Co.*, 181 F. Supp. 3d 347, 361 (S.D. Tex. 2015); *Provost v. Offshore Service Vessels, LLC*, 2014 U.S. Dist. LEXIS 76764, 2014 WL 2515412, at *3 (M.D. La. June 4, 2014); *Garza v. Phillips 66 Company*, 2014 U.S. Dist. LEXIS 45511, 2014 WL 1330547, at *4 (M.D. La. April 1, 2014); *Carrigan v. M/V AMC AMBASSADOR*, 2014 U.S. Dist. LEXIS 12484, 2014 WL 358353, at *2 (S.D. Tex. Jan. 31, 2014); *Bridges v. Phillips 66 Co.*, 2013 U.S. Dist. LEXIS 164542, 2013 WL

6092803, at *5 (M.D. La. Nov. 19, 2013); *Wells v. Abe's Boat Rentals Inc.*, No. H-13-1112, 2013 U.S. Dist. LEXIS 85534, 2013 WL 3110322, at *3 (S.D. Tex. June 18, 2013).

4. While certain federal district courts within the Fifth Circuit have declined to follow the reasoning in *Ryan*, the Fifth Circuit has not directly addressed this issue. *See Sangha v. Navig8 ShipManagement Private Ltd.,* 882 F.3d 96, 100 (5th Cir. 2018); *Riverside Const. Co. v. Entergy Mississippi, Inc.*, 626 F. App'x 443, 447 (5th Cir. 2015), *as revised,* (Oct. 16, 2015) (finding that, in light of this uncertainty, removal on this basis was objectively reasonable). Thus, there is no binding Fifth Circuit precedent on the Court, who is free to permit removal under these circumstances.

5. Certain courts that decline to follow *Ryan* express concern that reading 28 U.S.C. § 1441(b) in the manner espoused in the *Ryan* decision would undermine a plaintiff's right to a jury trial when the plaintiff files its suit in state court and requests a jury trial. *See, e.g.*, *Boudreaux v. Glob. Offshore Res., LLC*, 2015 WL 419002, at *7 (W.D. La. Jan. 30, 2015) (discussing cases). Here, however, Plaintiff has not requested a jury trial, or made any claim that this action was filed at law, rather than at admiralty, other than its choice of forum. Thus, the concern that Plaintiff will lose the remedies afforded by the "savings-to-suitors" clause is not present and the Court should permit ACBL to remove this action to federal court. Even if the Court finds that removal is inappropriate because Plaintiff would lose the remedies preserved by the "savings-to-suitors" clause, courts have held that where all defendants consent to a jury trial in federal court, these concerns are not present. *See Exxon Mobil Corp. v. Starr Indem. & Liab. Ins. Co.*, 181 F. Supp. 3d 347, 361 (S.D. Tex. 2015) ("Accordingly, the Court finds because it has original admiralty jurisdiction and §1441(b)'s plain language no longer bars removal, the Savings to Suitors clause in § 1333 does not require remand

where all defendants have consented to a jury trial.").  Should the Court find that the

lack of availability to a jury trial should favor remand, ACBL will consent to a jury trial.

**B.  Plaintiff's Original Petition Asserts an *In Rem* Action, Over Which Texas State Courts Lack Jurisdiction**

6.   In addition, Texas state courts lack jurisdiction to consider *in rem* suits against a

vessel.  *See, e.g.*, *Turner v. Tex//Tow Marine Towing and Salvage, LLC*, 502 S.W.3d

368 (Tex. App. Houston 14th Dist. 2016), *reh'g overruled*, (Oct. 25, 2016) *and rule*

*53.7(f) motion granted*, (Dec. 29, 2016) (stating that the trial court lacked jurisdiction

over salvage company's in rem claim against a vessel, and therefore, could not enter

order confirming arbitration award against vessel; in rem suit against vessel was

distinctly an admiralty proceeding, and hence within exclusive province of federal

courts) (citing *DeWolf v. Kohler*, 452 S.W.3d 373, 382 (Tex.App.–Houston [14th Dist.]

2014, no pet.) (citing *Am. Dredging Co. v. Miller*, 510 U.S. 443, 446–47, 114 S.Ct.

981, 127 L.Ed.2d 285 (1994))).  "'It is well-established that "an *in rem* suit against a

vessel is . . . distinctly an admiralty proceeding, and is hence within the exclusive

province of the federal courts.'" *Id.* (quoting *Miller*, 510 U.S. at 446–47, 114 S. Ct.

981).  Because Plaintiff's claim asserts an *in rem* cause of action against the Tug

NOVA H. LOUIS, this claim is within the exclusive province of the federal courts.  For

these reasons and the reasons stated above, the court should exercise its exclusive

jurisdiction over this claim and permit ACBL to remove the entire action to federal

court.  It should be noted that the Tug NOVA H. LOUIS has not been served with

process, and no security has been posted for the Tug NOVA H. LOUIS.

**C.  Removal is Timely**

7.  Plaintiff filed its Original Petition on September 3, 2020.  Plaintiff served ACBL

through the Texas Secretary of State on September 11, 2020, who forwarded the suit

to ACBL on September 17, 2020. *See* Exhibit "D." *See also Medina v. JIK Cayman*

*Bay Exch. LLC*, 2014 WL 923962, at *7 (N.D. Tex. Mar. 7, 2014) (citing *Burton v. Continental Cas. Co.*, 431 F.Supp.2d 651, 655 (S.D.Miss.2006) (citing *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir.2002)) (other citations omitted) (finding 30-day time period for removal began to run on the date that defendants received copy of suit from Secretary of State); *Gerritsen Beach Investments v. Sw. Sec., Inc.*, 2011 WL 13299665, at *5 (N.D. Tex. Dec. 1, 2011) (same, citing cases); *see also Pete v. Capital One, Nat'l Ass'n*, 2017 WL 4083577, at *2 (N.D. Tex. Sept. 14, 2017); 14C CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE & PROCEDURE § 3731 at 504–08 (4th ed. 2009) (discussing service on a statutory agent as it relates to a defendant's time period to remove).  Accordingly, this removal is timely filed before the thirty-day deadline.  28 U.S.C. § 1446; *see* Fed. R. Civ. P. 6(a)(2)(C).

## ATTACHMENTS

8. Pursuant to 28 U.S.C. § 1446(a) and Local Rule LR-81, ACBL attaches an index with copies of the following:

   (1) Pleadings asserting causes of action, e.g. petitions, counterclaims, cross actions, third-party actions, interventions and all answers to such pleadings;

   (2) All executed process in the case;

   (3) The docket sheet; and

   (5) A list of all attorneys involved in the action, including bar numbers, addresses, telephone numbers, and represented parties.

## PENDING MOTIONS

9. There are currently no pending motions.  Defendants have not yet filed an answer.

**<u>NOTICE TO ADVERSE PARTIES/FILING WITH CLERK OF STATE COURT/JOINDER</u>**

10. Pursuant to 28 U.S.C. § 1446(d) and promptly after the filing of this Notice of Removal, ACBL is giving written notice of removal to all adverse parties, and filing a copy of this Notice of Removal with the clerk of the 10th Judicial District Court of Galveston County, Texas – the court in which the State Court Action was filed.

11. Because the tug has not been served with process, and no security has been posted for the tug, joinder is not necessary.  28 U.S.C. § 1446(b)(2)(A).

**<u>CONCLUSION</u>**

For the stated reasons, ACBL removes the State Court Action to the United States District Court for the Southern District of Texas, Galveston Division.

*[remainder of page intentionally left blank]*

7

Respectfully submitted,

**FRILOT L.L.C.**

*/s/ Colton V. Acosta*

**PATRICK J. MCSHANE T.A. (#19055)**
**DANICA BENBOW DENNY (#27376)**
**COLTON V. ACOSTA (#38121)**
1100 Poydras Street, Suite 3700
New Orleans, LA 70163-3600
Telephone: (504) 599-8000
Facsimile: (504) 599-8100
E-mail:  pmcshane@frilot.com
          ddenny@frilot.com
          cacosta@frilot.com
*Attorneys for Defendant, American
Commercial Barge Line LLC to be admitted
Pro Hac Vice*

**RICHARD GORMAN LAW**

*/s/ Richard L. Gorman*

**Richard L. Gorman**
**State Bar No. 00784155**
**Federal I.D. 15685**
12335 Kingsride Ln. #354
Houston, TX 77024-4116
Telephone: (832) 725-4026
Facsimile: (281) 854-2200
E-mail:  rg@richardgormanlaw.com
*Local Counsel for Defendant, American
Commercial Barge Line LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that, on this the 19th day of October, 2020, a true and correct copy of the above document was forwarded to all parties of record via ECF Electronic Filing, Electronic Mail, Certified Mail, Facsimile, Regular Mail, and/or Hand Delivery:

*/s/ Colton V. Acosta*